**ZHI FANG LIAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–4168–ag.

United States Court of Appeals, Second Circuit.

July 7, 2009.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Susan Houser, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, WALKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Zhi Fang Lian, a native and citizen of the People's Republic of China, seeks review of a September 14, 2007 order of the BIA denying her motion to reopen. *In re Zhi Fang Lian*, No. A077 297 551 (B.I.A. Sept. 14, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lian's untimely motion to reopen.

Lian argues that the BIA erred in concluding that she failed to demonstrate material changed country conditions sufficient to excuse the untimeliness of her motion to reopen. However, we have previously reviewed the BIA's consideration of similar evidence and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. *See id.* at 169–73 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] . . . it may do so in summary fashion without a

reviewing court presuming that it has abused its discretion").

Similarly, the BIA's determination that Lian was ineligible to file a successive asylum application was not in error. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 156, 158–59 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).